1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NOEL CASTELLANOS,                          No.  2:14-cv-2613-TLN-KJN PS

12                  Plaintiff,

13         v.                                    FINDINGS AND RECOMMENDATIONS

14   LUCIANO JIMENEZ & VICTORIA
     JIMENEZ,
15
                    Defendants.
16

17         This is an unlawful detainer action that was removed to this court from the Yolo County

18   Superior Court on November 7, 2014, by defendants Luciano Jimenez and Victoria Jimenez,

19   proceeding without counsel.  (ECF No. 1)[1]  Defendants have requested leave to proceed *in forma*

20   *pauperis*.  (ECF Nos. 2, 3.)  For the reasons discussed below, the court concludes that it lacks

21   federal subject matter jurisdiction over the action, and recommends that the action be remanded to

22   state court.

23         A federal court has an independent duty to assess whether federal subject matter

24   jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v.

25   Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty

26   to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties

27

28   [1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
     § 636(b)(1).

                                                      1

1   raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).

2   Because subject matter jurisdiction may not be waived by the parties, a district court must remand

3   a case if it lacks jurisdiction over the matter.  Kelton Arms Condominium Owners Ass'n, Inc. v.

4   Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citing Sparta Surgical Corp. v. Nat'l

5   Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c)

6   ("If at any time before final judgment it appears that the district court lacks subject matter

7   jurisdiction, the case shall be remanded").

8      In relevant part, the federal removal statute provides:

9
10
11
12
> (a) Except as otherwise expressly provided by Act of Congress, any
> civil action brought in a State court of which the district courts of
> the United States have original jurisdiction, may be removed by the
> defendant or the defendants, to the district court of the United
> States for the district and division embracing the place where such
> action is pending.

13   28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."

14   Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "The

15   removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction

16   "must be rejected if there is any doubt as to the right of removal in the first instance," Geographic

17   Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and quotation

18   marks omitted).

19      A federal district court generally has original jurisdiction over a civil action when:  (1) a

20   federal question is presented in an action "arising under the Constitution, laws, or treaties of the

21   United States" or (2) there is complete diversity of citizenship and the amount in controversy

22   exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

23      In regards to federal question jurisdiction, federal courts have "jurisdiction to hear,

24   originally or by removal from a state court, only those cases in which a well-pleaded complaint

25   establishes either that federal law creates the cause of action, or that the plaintiff's right to relief

26   necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Bd. v.

27   Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also Republican Party of Guam v.

28   Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  "[T]he presence or absence of federal-

1   question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that

2   federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's

3   properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091 (citation and quotation marks

4   omitted). "In determining the existence of removal jurisdiction, based upon a federal question,

5   the court must look to the complaint as of the time the removal petition was filed." Abada v.

6   Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks

7   omitted). Mere reference to federal law is insufficient to permit removal. See Smith v. Indus.

8   Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) ("[T]he mere presence of a federal issue in a

9   state cause of action does not automatically confer federal question jurisdiction"). Also, defenses

10  and counterclaims cannot provide a sufficient basis to remove an action to federal court. See

11  Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Berg v. Leason, 32 F.3d 422, 426 (9th Cir.

12  1994); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985).

13      Here, removal cannot be based on federal question jurisdiction. The state court pleadings

14  and papers accompanying the removal notice establish that the state court action is nothing more

15  than a simple unlawful detainer action involving real property located in Woodland, California.

16  This court has no jurisdiction over unlawful detainer actions, which are brought pursuant to state

17  law and fall strictly within the province of the state court.

18      Defendants contend that federal question jurisdiction exists here, because defendants'

19  demurrer (the state court equivalent of a motion to dismiss) depends on the determination of

20  defendants' rights and plaintiff's duties under federal law. However, plaintiff's complaint itself is

21  strictly an action based on the California unlawful detainer statutes, and the arguments or issues

22  raised in defendants' demurrer are best characterized as potential defenses or counterclaims,

23  neither of which is considered in evaluating whether a federal question appears on the face of a

24  plaintiff's complaint.

25      Any defenses based on federal law must generally be raised in the state court action and

26  do not provide a basis for removal. "A case may not be removed to federal court on the basis of a

27  federal defense,...even if the defense is anticipated in the plaintiff's complaint, and even if both

28  parties admit that the defense is the only question truly at issue in the case." ARCO Envtl.

3

1   Remediation, LLC v. Dep't. of Health & Envtl. Quality of the State of Montana, 213 F.3d 1108,

2   1113 (9th Cir. 2000) (citation and quotation marks omitted); see also Valles v. Ivy Hill Corp., 410

3   F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer

4   jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated

5   in the plaintiff's complaint.").

6          Furthermore, this action cannot be removed on grounds of diversity jurisdiction.  First, the

7   amount in controversy does not exceed $75,000, because plaintiff's complaint specifically does

8   not seek more than $10,000.  (ECF No. 1 at 6.)  Second, even if the amount in controversy

9   exceeded $75,000, the parties are not diverse, because plaintiff and defendants are all citizens of

10   California.  Third, even if the parties were diverse, defendants are citizens of California, and

11   therefore cannot remove the action from a California state court on the basis of diversity

12   jurisdiction.  See 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original

13   jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the

14   United States shall be removable without regard to the citizenship or residence of the parties.  *Any*

15   *other such action shall be removable only if none of the parties in interest properly joined and*

16   *served as defendants is a citizen of the State in which such action is brought*") (emphasis added).

17          Based on the aforementioned analysis, the court finds that it lacks federal subject matter

18   jurisdiction over plaintiff's unlawful detainer action brought pursuant to California law.

19   CONCLUSION

20          For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

21          1.  The action be remanded to the Yolo County Superior Court.

22          2.  The Clerk of Court be directed to serve a certified copy of the order on the Clerk of the

23   Yolo County Superior Court, and reference the state case number (UD14-1494) in the proof of

24   service.

25          3.  Defendants' requests to proceed *in forma pauperis* (ECF Nos. 2, 3) be denied as moot.

26          4.  The Clerk of Court be directed to close this case.

27   ////

28   ////

4

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated:  November 10, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5